# EXHIBIT A

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

| | |
|---|---|
| **WEISBERG LAW** <br> Matthew B. Weisberg, Esquire <br> Attorney ID. No.: 85570 <br> David A. Berlin, Esquire <br> Attorney ID. No.: 314400 <br> 7 South Morton Avenue <br> Morton, PA  19070 <br> (610) 690-0801 <br> (610) 690-0880 – Fax | **SCHAFKOPF LAW LLC** <br> Gary Schafkopf, Esquire <br> Attorney Id. No. 83362 <br> 11 Bala Avenue <br> Bala Cynwyd, PA 19004 <br> (610) 664-5200 Ext. 104 <br> (888) 283-1334 (Fax) <br><br> Attorneys for Plaintiffs |

| | | |
|---|---|---|
| **BRIAN ERRINGTON & ANGEL ERRINGTON, INDIVIDUALLY AND AS HUSBAND AND WIFE** <br> 116 N Kelly Drive <br> Birdsboro, PA 19508 | : <br> : <br> : <br> : <br> : <br> : | COURT OF COMMON PLEAS <br> BERKS COUNTY <br><br> NO.  24-04939 |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | **JURY TRIAL OF TWELVE (12) JURORS DEMANDED** |
| **CITY OF READING d/b/a READING POLICE DEPARTMENT** <br> 815 Washington Street <br> Reading, PA 19601 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| **JAVIER RUIZ,** in his individual capacity and official capacity as Chief for Reading Police Department <br> 815 Washington Street <br> Reading, PA 19601 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| **LUZ SHADE,** in her individual capacity and official capacity as Captain for the Reading Police Department <br> 815 Washington Street <br> Reading, PA 19601 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| **CHRISTIAN ROTHERMAL,** in his individual capacity and official capacity as Captain for the Reading Police Department | : <br> : <br> : | |

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

|  |  |
|---|---|
| 815 Washington Street | : |
| Reading, PA 19601 | : |
|  | : |
|  | : |
| and | : |
|  | : |
|  | : |
| **AARON DEMKO,** in his individual | : |
| capacity and as Captain for the Reading | : |
| Police Department | : |
| 815 Washington Street | : |
| Reading, PA 19601 | : |
|  | : |
|  | : |
| Defendants. | : |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br><br>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO.<br><br>SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE |

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

| | |
|---|---|
| PERSONS AT A REDUCED FEE OR NO FEE.<br><br>Berks County Bar Association<br>544 Court Street<br>Reading, PA 19601<br>610-375-4591 | PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.<br><br>Berks County Bar Association<br>544 Court Street<br>Reading, PA 19601<br>610-375-4591 |

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW LLC** |
| Matthew B. Weisberg, Esquire | Gary Schafkopf, Esquire |
| Attorney ID. No.: 85570 | Attorney Id. No. 83362 |
| David A. Berlin, Esquire | 11 Bala Avenue |
| Attorney ID. No.: 314400 | Bala Cynwyd, PA 19004 |
| 7 South Morton Avenue | (610) 664-5200 Ext. 104 |
| Morton, PA   19070 | (888) 283-1334 (Fax) |
| (610) 690-0801 | |
| (610) 690-0880 – Fax | Attorneys for Plaintiffs |

| | | |
|---|---|---|
| **BRIAN ERRINGTON & ANGEL ERRINGTON, INDIVIDUALLY AND AS HUSBAND AND WIFE** | : | COURT OF COMMON PLEAS |
| 116 N Kelly Drive | : | BERKS COUNTY |
| Birdsboro, PA 19508 | : | |
| | : | NO.  24-04939 |
| Plaintiffs, | : | |
| | : | **JURY TRIAL OF TWELVE (12) JURORS DEMANDED** |
| v. | : | |
| **CITY OF READING d/b/a READING POLICE DEPARTMENT** | : | |
| 815 Washington Street | : | |
| Reading, PA 19601 | : | |
| | : | |
| and | : | |
| | : | |
| **JAVIER RUIZ,** in his individual capacity and official capacity as Chief for Reading Police Department | : | |
| 815 Washington Street | : | |
| Reading, PA 19601 | : | |
| | : | |
| and | : | |
| | : | |
| **LUZ SHADE,** in her individual capacity and official capacity as Captain for the Reading Police Department | : | |
| 815 Washington Street | : | |
| Reading, PA 19601 | : | |
| | : | |
| and | : | |
| | : | |
| **CHRISTIAN ROTHERMAL,** in his individual capacity and official capacity as Captain for the Reading Police Department | : | |

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

|  |  |
|---|---|
| 815 Washington Street<br>Reading, PA 19601<br><br>and<br><br>**AARON DEMKO,** in his individual capacity and as Captain for the Reading Police Department<br>815 Washington Street<br>Reading, PA 19601<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

### NATURE OF ACTION

1. Plaintiffs, Brian and Angel Errington, bring this lawsuit against the reading Police Department for making a deliberate effort to place baseless allegations into Brian Errington's personnel file with the intent of causing harm and preventing him from gaining future employment.

### PARTIES

2. Plaintiffs, Brian and Angel Errington are adult individuals residing at the above-captioned address. They are husband and wife. Brian Errington was employed by Defendant, Reading Police Department, as a police officer for approximately fifteen (15) years. Mr. Errington was a criminal investigator in the VICE investigations unit. Plaintiff's duties included but were not limited to investigating narcotics sales and delivery, organized and violent crimes.

3. Defendant, the Reading Police Department ("RPD") is a government agency that conducts business in the Commonwealth of Pennsylvania and is headquartered at the above-captioned address.

4. Defendant, Javier Ruiz ("Ruiz"), at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of, the Reading Police Department acting under color of State law.

5. Defendant, Luz Shade ("Shade"), at all times material herein, acted individually, as well as in her individual capacity as an agent, servant, workman, or employee of, the Reading Police Department acting under color of State law.

6. Defendant, Christian Rothermal ("Rothermal"), at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of, the Reading Police Department acting under color of State law.

7. Defendant, Aaron Demko ("Demko"), at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of, the Reading Police Department acting under color of State law.

8. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

9. Venue is proper in this Honorable Court as the transactions and occurrences that give rise to the cause of action have taken place in Berks County.

### STATEMENT OF FACTS

10. The above paragraphs are incorporated herein by reference.

11. Plaintiff, Brian Errington, is a former employee of Defendant, RPD for approximately fifteen (15) years, where he served with distinction and acquired considerable law enforcement knowledge, skills, and training.

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

12. Plaintiff filed an underlying complaint against RPD et al. in the Eastern District of Pennsylvania under docket # 5:21-cv-00118-JFL.

13. Plaintiff filed the complaint as a result of his forced retirement being caused by retaliation for Plaintiff expressing concern regarding Direct Order 2020-00001.

14. Plaintiff was forced to retire in June 2020 as a result.

15. Upon information and belief, Plaintiff's personnel file was not supposed to include any internal affairs investigations relating to the events that led to his forced retirement.

16. In 2020, after Plaintiff's forced retirement, Pennsylvania lawmakers passed Act 57 of 2020, 44 Pa.C.S. 7300, *et seq.*, in response to widespread protests over police brutality. Among other things, Act 57, required the state to maintain records of law enforcement officers who have been disciplined or fired over certain offenses, and it required agencies making new hires to run checks against that database in advance.

17. Act 57 became effective July 14, 2021, and was not retroactive.

18. In or around 2022, Plaintiff began considering re-entering the work force.

19. At that time, Plaintiff contacted non-party, Sergeant Fegley ("Fegley") from RPD to get a copy of all his training certificates and awards. At that time, Plaintiff specifically asked Fegley to ensure that nothing from that specific Internal Affairs Investigation was in his file.

20. Fegley confirmed nothing from the aforementioned Internal Affairs Investigation was in his file.

21. In or around the summer of 2022, Plaintiff began applying to various law enforcement departments and agencies, confident in his substantial resume and expertise.

22. Despite Plaintiff's extensive qualifications and positive expectations for employment in law enforcement agencies of his choosing, Plaintiff encountered unexpected and unjustified rejections from several departments to which he applied.

23. Upon information and belief, these rejections came after the respective departments conducted background checks, which included reviews of Plaintiff's personnel file maintained by Defendant, RPD.

24. On specific dates in 2022, Plaintiff applied to the Bern Township Police Department, Eastern Berks Regional Police Department, Lancaster County Detectives, and Lower Heidelberg Township Police Department.

25. Despite initially positive interactions and indications of likely employment, Plaintiff was denied employment by these departments.

26. Plaintiff discovered through personal investigations and communications with contacts within these departments that the employment denials were directly linked to unfounded and malicious allegations from the Internal Affairs investigation in his personnel file maintained by Defendant RPD.

27. These allegations were not based on any actual disciplinary action or criminal conviction and were inaccurately and improperly placed in Plaintiff's personnel file.

28. Specifically, Bern Township, Eastern Berks Regional, and Lower Heidelberg Township explicitly cited the content of his personnel file as the reason for the denial of employment.

29. On or about January 4, 2023, Plaintiff and his wife visited the RPD to view Plaintiff's personnel file.

30. At this time, Plaintiff found the internal affairs allegations leading to his forced retirement in his file.

31. Plaintiff requested that these be removed from his file as they were not supposed to be there.

32. Fegley, Defendant Shade, and the Chief's secretary, Diane, all agreed that the allegations should not be in the file and that they would be removed.

33. On or about January 8, 2023, a representative of Lower Heidelberg came to Reading City Hall to review Plaintiff's file for potential employment. At that time the allegations had been placed back in Plaintiff's file.

34. These damaging files led to Plaintiff losing that potential position.

35. On or about January 15, 2023, Plaintiffs again visited the RPD.

36. Plaintiff asked Defendant Shade to see his personnel file

37. Defendant Shade told Plaintiff that he was not allowed to see his personnel file as Defendant Ruiz instructed her not to let Plaintiff view the file.

38. Shortly thereafter, Defendants Rothermel and Demko walked into the office area and confirmed that Plaintiff could not access this personnel file.

39. Plaintiff informed Defendant Rothermel that the allegations leading to his forced retirement should not be in his personnel file.

40. Defendant Rothermel explained to Plaintiff that the aforementioned allegations were in fact in his personnel file and would be given to a hiring department if asked if Plaintiff was "in the process" of being investigated when he retired.

41. Upon information and belief, Defendants purposely and deceitfully placed the Internal Affairs Investigation into Plaintiff's file years after he retired with the intent of causing harm and preventing him from gaining future employment.

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

42. Upon information and belief, Defendants put the Internal Affairs Investigation into Plaintiff's file approximately two years after he retired, under the illusion that Act 57 justified it.

43. These actions by Defendant RPD, Individual Defendants, and potentially by specific individual John Does within the department, have caused significant harm to Plaintiff's reputation, emotional well-being, and career prospects.

44. The financial implications of the employment denials are substantial.

45. The annual salaries for these positions were as follows: Bern Township at $99,472; Eastern Berks Regional at $102,223; and Lower Heidelberg Township at $106,457.

46. Additionally, the Lower Heidelberg Township position included 96 extra hours at $50.96 per hour ($4,892), a clothing allowance of $1,000, and a BMO/HRA benefit of $2,500, totaling $110,892.

47. Beyond the base salaries, Plaintiff would also have benefited from not having to pay $4,482 annually for healthcare through his retirement benefits had he been employed by one of these departments.

48. Furthermore, the nature of law enforcement work, with its inevitable requirement for overtime, would have reasonably added an estimated $5,000 to $10,000 to Plaintiff's annual income.

49. The cumulative financial loss, therefore, extends beyond mere salary figures, encompassing substantial benefits and overtime earnings that Plaintiff was unjustly denied.

50. This financial detriment is compounded by the immeasurable damage to Plaintiff's personal and professional reputation, emotional well-being, and future career prospects, all resulting from the wrongful actions and decisions of the RPD.

51. The inclusion of baseless allegations in Plaintiff's personnel file and their subsequent disclosure to prospective employers violate the principles and protections afforded by Act 57, which governs the conduct of law enforcement agencies in Pennsylvania regarding the sharing of employment information and the maintenance of personnel files.

52. Despite efforts to rectify this situation, including direct attempts to have the unfounded allegations removed from his personnel file, Plaintiff has faced resistance and further obfuscation from Defendant RPD.

53. This includes instances where documents were temporarily removed, only to be inexplicably reinstated, directly impacting Plaintiff's employment opportunities and violating his rights under state and federal law.

54. This pattern of conduct by Defendants not only undermines the legislative intent of Act 57 but also represents a deliberate and malicious attempt to impede Plaintiff's pursuit of employment within his chosen profession.

55. Such actions have inflicted significant emotional distress upon Plaintiff, tarnishing his professional reputation and obstructing his career advancement without just cause.

56. The impact of these actions on Plaintiff's life and career has been profound and far-reaching.

57. Plaintiff was denied the opportunity to continue his service in law enforcement, a profession to which he has dedicated the majority of his adult life.

58. Plaintiff has suffered not only financial loss in the form of potential earnings but also immeasurable damage to his personal and professional reputation, emotional well-being, and career prospects.

**COUNT I**
**VIOLATION OF ACT 57 (44 PA.C.S § 7300, *et seq.*)**

59. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

60. Defendants made a deliberate effort to place baseless allegations into Plaintiff's personnel file with the intent of causing harm and preventing him from gaining future employment.

61. Said retaliation would detrimentally affect a reasonable person under similar circumstances.

62. As a direct and proximate result of Defendants' violations, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs, to which Plaintiff is entitled to compensation.

63. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory acts unless and until this Court grants the relief requested herein.

64. The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

65. As such, Plaintiff has and continues to suffer damages as set forth herein.

WHEREFORE, Plaintiffs demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein

67. Defendants intentionally, without legal cause or right, subjected Plaintiff to egregious abuse and harassment.

68. Such conduct is extreme and outrageous; and goes beyond all bounds of decent society.

69. As a result of the foregoing, Defendants have intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress, which is ongoing.

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

WHEREFORE, Plaintiffs demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT III
## LOSS OF CONSORTIUM

70. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

71. As a result of the wrongful acts of Defendants, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

72. All the aforesaid injuries and damages were caused solely and proximately by the Defendants.

WHEREFORE, Plaintiffs demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT IV
## 42 U.S.C. §1983
## FIRST AMENDMENT VIOLATION

73. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

74. Plaintiff engaged in a protected activity; the government responded with retaliation; and the protected activity was the cause of the retaliation.

75. Plaintiff spoke out about several public concerns: union elections and an unlawful directive which did not allow officers to speak negatively about the police department.

76. Said retaliation would detrimentally affect a reasonable person under similar circumstances.

77. Defendants caused Plaintiff to suffer retaliation by their wrongful conduct all in violation of the First Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

78. The above described acts or omissions by Defendants demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

79. Plaintiff suffered harm due to Defendants' conduct.

WHEREFORE, Plaintiffs demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

### COUNT V
### *DUE PROCESS VIOLATION OF 4th, and 14th AMENDMENTS (FAILURE TO STOP DISSEMENTATION)*

80. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

81. Defendants added baseless allegations to Plaintiff's personnel file and disseminated said allegations to potential employers.

82. This caused Plaintiff harm and prevented him from gaining future employment.

83. Defendants' actions stated above, inter alia, were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

84. Plaintiff was afforded no due process in violation of the Fourth, and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

WHEREFORE, Plaintiffs demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

Respectfully Submitted,

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| */s/ David A. Berlin* | */s/ Gary Schafkopf* |
| Matthew B. Weisberg, Esq. | Gary Schafkopf, Esq. |
| David Berlin, Esq. | |
| | *Attorneys for Plaintiff* |

Received County of Berks Prothonotary's Office on 07/02/2024 5:01 PM Prothonotary Docket No. 24-04939

**VERIFICATION**

    I, David Berlin Esquire, hereby verifies that I am counsel for Plaintiffs, Brian and Angel Errington, and herein states that the statements in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I am making this verification on behalf of Plaintiffs, Brian and Angel Errington, I acknowledge that the foregoing Verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

                                            */s/ David Berlin*
                                            **DAVID BERLIN, ESQUIRE**

Dated: 7-2-24

| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
|---|---|
| Matthew B. Weisberg | Gary Schafkopf |
| Attorney ID No.: 85570 | Attorney ID No.: 83362 |
| David A. Berlin, Esq. | 11 Bala Avenue |
| Attorney ID No.: 314400 | Bala Cynwyd, PA 19004 |
| 7 South Morton Ave. | 610-664-5200 Ext 104 |
| Morton, PA 19070 | Fax: 888-283-1334 |
| (610) 690-0801 | |
| Fax: (610) 690-0880 | *Attorneys for Plaintiffs* |

|   |   |   |
|---|---|---|
| Brian and Angel Errington | : | COURT OF COMMON PLEAS |
|  | : | BERKS COUNTY |
| Plaintiffs | : |  |
| v. | : | Docket No.:  24-04939 |
|  | : |  |
| City of Reading d/b/a Reading Police Department et al | : |  |
|  | : |  |
| Defendants | : |  |

## CERTIFICATE OF SERVICE

I, David A. Berlin, Esquire, hereby certify that on this 2nd day of July 2024, a true and correct copy of the foregoing Complaint was served via ECF upon all parties of record.


Respectfully Submitted,

**WEISBERG LAW**                                                 **SCHAFKOPF LAW, LLC**

*/s/ David A. Berlin*                                                  */s/ Gary Schafkopf*
Matthew B. Weisberg, Esq.                                  Gary Schafkopf, Esq.
David Berlin, Esq.

                                                                                *Attorneys for Plaintiff*